IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW RAUSCH and                          01-CV-1529-BR
JASON REYNOLDS,
                                            OPINION AND ORDER
            Plaintiffs,

v.

THE HARTFORD FINANCIAL
SERVICES GROUP and
HARTFORD FIRE INSURANCE
COMPANY,

            Defendants.


N. ROBERT STOLL
STEVE D. LARSON
MARK A. FRIEL
Stoll Stoll Berne Lokting & Shlachter P.C.
209 S.W. Oak Street, Fifth Floor
Portland, OR  97204
(503) 227-1600

CHARLES A. RINGO
Charlie Ringo & Associates
974 N.W. Riverside Blvd.
Bend, OR. 97701
(541) 330-6447

            Attorneys for Plaintiffs


1 -  OPINION AND ORDER

**DOUGLAS G. HOUSER**
**LOREN D. PODWILL**
Bullivant Houser Bailey, P.C.
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland. OR 97204
(503) 295-0915

**RICHARD GRAD**
**STEVEN A. ELLIS**
Sidley Austin LLP
555 W. Fifth St
Ste 400
Los Angeles, CA 90013-1010
(213) 896-6600

   Attorneys for Defendants


**BROWN, Judge.**

  This matter comes before the Court on the Joint Motion for
Final Approval of Class Action Settlement (#200) filed by
Plaintiff Jason Reynolds and Defendant Hartford Fire Insurance
Company[1] following a Fairness Hearing the Court conducted on
February 26, 2007, and on Plaintiff's [Reynolds] Counsel's
Petition (#196) for an Award of Attorneys Fees, Reimbursement of
Expenses, and Incentive Award for Plaintiffs.[2]

  For the following reasons, the Court **GRANTS** the Joint Motion
for Final Approval of the Class Action Settlement and **GRANTS**
Plaintiff's Counsel's Petition for Attorneys Fees, Reimbursement

---

  [1] The only parties that remain in this action are Plaintiff
Jason Reynolds and Defendant Hartford Fire Insurance Company.

  [2] Hartford did not file an opposition to the Petition.

2 - OPINION AND ORDER

of Expenses, and Incentive Award.  The Court awards attorneys'
fees to Reynolds's counsel in the amount of 30% of the class
"Common Fund," awards Reynolds $10,000 as an incentive, and
awards counsel for Reynolds expenses previously advanced in this
action in the amount of $118,052.72 and an additional amount to
be determined at the close of the Class Period immediately before
final distribution of all settlement funds.


## BACKGROUND

Reynolds represents a class of insureds who allege Hartford
violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681,
*et seq.,* when it charged them higher premiums for insurance based
on information contained in consumer-credit reports and then
failed to notify them of the adverse action.  This Court
ultimately granted summary judgment to Hartford and dismissed
this action on the ground that the setting of a premium on an
initial application for insurance did not require notice of
adverse action even if the premium was based on information in a
consumer-credit report.  *See* Opin. and Order issued July 31,
2003.  The Court relied on its earlier ruling in *Mark v. Valley
Insurance Co.,* 275 F. Supp. 2d 1307 (D. Or. 2003), a case
involving substantially similar issues.

Plaintiff appealed this Court's ruling to the Ninth Circuit,
which reversed the Court's decision.  *See Reynolds v. Hartford*

3 - OPINION AND ORDER

*Fin. Serv., Inc.,* 435 F.3d 1081 (9th Cir. 2006).  Although Hartford did not challenge the reversal in this case, other insurers in related cases are now before the Supreme Court on a Writ of Certiorari granted to review the Ninth Circuit's decision in the other cases.  *See Geico Gen. Ins. Co. v. Edo,* 435 F.3d 1081 (9th Cir. 2006), *cert. granted,* 127 S. Ct. 36 (2006); *Safeco Ins. Co. v. Burr,* 435 F.3d 1081   (9th Cir. 2006), *cert. granted,* 127 S. Ct. 36 (2006).


### DISCUSSION

1.  **Final Approval of Class Action Settlement**.

On September 11, 2006, the Court entered an Order granting preliminary approval of the class-action settlement reached in this case subject to a Fairness Hearing after putative class members received notice of the settlement either by mail or by publication in a manner approved by the Court.  *See* Claim Form Notice Orders issued Nov. 2, 2006 (notice by mail), and Dec. 21, 2006 (notice by publication).

The total class consists of 708,316 persons, an estimated 92% of whom were reached by mail based on the number of notices returned as undeliverable and an additional estimated 3.5% of whom received notification by publication.

The court-approved notice to class members advised that the

4 - OPINION AND ORDER

Gross Settlement Amount to be paid by Hartford would be $250 multiplied by the total number of valid claims received. The amount awarded as attorneys' fees to Reynolds's counsel, the incentive award to Reynolds, and the costs would be deducted from the Gross Settlement Amount, and the balance would be divided equally among all eligible class members in Settlement Subclass A.[3] In no event would a class member who submitted a valid claim form receive less than $150.

The parties report 110 class members chose to opt out of the settlement. A total of nine objections were received by the Settlement Administrator. The objecting class members raised issues relating to the potential amount of the attorneys' fee award, the incentive award to Reynolds, and/or the perceived small amount of the award to each class member. One class member objected to any award against Hartford.

The Court, having reviewed the Declarations and arguments submitted in support of the parties' Joint Motion for Final Approval of Class Action Settlement as well as the objections submitted by class members, reaffirms its earlier, preliminary

---

[3] Members of Settlement Subclass A are those insureds who purchased applicable automobile and/or homeowners insurance from Hartford between October 16, 1999, and the "New Notice Date" as defined in the Settlement Agreement. Members of a separate Settlement Subclass B who purchased such insurance after the New Notice Date would be eligible to receive injunctive relief but no monetary award.

finding that the settlement terms are fair and reasonable.

Accordingly, the Court grants Final Approval of the Class Action Settlement.

2.  **Attorneys' Fees, Expenses, and Incentive Award**.

a.  Attorneys' Fees.

In common-fund class actions, the settlement or award creates a fund for distribution to a class.  The district court has discretion to use either a percentage or lodestar/multiplier method to determine an appropriate award of attorneys' fees to the prevailing party in such an action.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)(citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994)).  The Ninth Circuit has established 25% of the common fund as a benchmark award for attorneys' fees under the percentage method.  *Id.* (citation omitted).  The district court, however, "may adjust the benchmark when special circumstances indicate a higher or lower percentage would be indicated."  *In re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995).

Reynolds's counsel seeks an award of 30% of the Class Common Fund.  This Court has previously found 30% of the common fund is a reasonable benchmark in each of the related FCRA cases that have settled.  *See Mark v. Valley Ins. Co.,* CV 01-1575-BR, Opin. and Order issued Oct. 6, 2004; *Razilov v. Nationwide*

6 - OPINION AND ORDER

*Mutual Ins. Co.,* CV 01-1466-BR, Opin. and Order issued Nov. 13, 2006.

For all of the reasons in each of those Opinions and Orders, the Court also finds a 30% benchmark is fair, reasonable, and appropriate in this case.

    b.  <u>Expenses</u>.

Reynolds's counsel seeks reimbursement of itemized costs and expenses necessarily incurred to date in the amount of $118,052.72.  Pl.'s Mem., Larson Decl. at ¶ 27.[4]   The Court finds these costs have been reasonably and necessarily incurred and are recoverable from the proceeds of the Common Fund.  *See In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996)(counsel is entitled to reasonable and relevant litigation expenses to be taxed from the Common Fund in a class-action case).

    c.  <u>Class Representative Incentive Awards</u>.

The trial court has discretion to award incentives to the class representatives.  *See Mego Fin'l Corp. Sec. Litig. v. Nadler,* 213 F.3d 454, 463 (9th Cir. 2000).  The criteria that

---

    [4] Reynolds also estimates additional expenses not to exceed $350,000 will be incurred primarily in performing supplemental address searches, automated telephone calls to class members, and reminder mailings to Subclass A members.  Reimbursement of such expenses will be requested in a supplemental cost bill at the end of the Claim Period.

courts have considered when determining whether to make an incentive award and the amount of the award include:  (1) the risk to the class representative, both financial and otherwise, in commencing the case; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit or lack thereof enjoyed by the class representative as a result of the litigation.  *See, e.g., Van Vranken v. Atlantic Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995).

Reynolds seeks an incentive award of $10,000, which is the same amount that the Court awarded to the plaintiffs in *Razilov.* As in *Razilov,* the Court finds Reynolds is entitled to $10,000 as a reasonable incentive award, particularly in light of his perseverance in pursuing this matter to a successful outcome in the Ninth Circuit.

## CONCLUSION

For these reasons, the Court **GRANTS** the Joint Motion for Final Approval of Class Action Settlement (#200) of Plaintiff Reynolds and Defendant Hartford and **GRANTS** Plaintiff's [Reynolds] counsel's Petition (#196) for an Award of Attorneys Fees in the amount of 30% of the Common Settlement Fund, Reimbursement of

Expenses incurred to date in the amount of $118,052.72, and an

Incentive Award for Plaintiff Reynolds in the amount of $10,000.

IT IS SO ORDERED.

DATED this 26th day of February, 2007.


/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge